**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEBRA S. WALL | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0674-CV-W-FJG |
| | ) | |
| JENNIFER L. BASCOMBE, | ) | |
|         Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion for Execution of Employment and Social Security Authorizations (Doc. No. 43).

Discovery in this matter closed on July 12, 2010. See Scheduling and Trial Order, Doc. No. 23. Defendant indicates that on June 3, 2010, her counsel forwarded to plaintiff's counsel a wage and personnel authorization to get employment, personnel, disability, and wage information for plaintiff. Plaintiff executed and returned the Wage and Personnel Authorization, adding a provision that the authorization would expire on July 9, 2010, three days prior to the close of discovery in this lawsuit. Defendant indicates that she was directed to several different entities within the federal government, causing her delay in her quest for employment information, and due this delay, the authorization expired before defendant was able to locate the representative from whom the employment information could be obtained. Additionally, defendant states that while plaintiff's executed Social Security records authorization was received from plaintiff on June 15, 2010, the Social Security Administration refused to honor this authorization because the signature of the plaintiff was not placed on the same page as the authorization language.

On August 23, 2010, over a month after discovery closed, defendant filed the present motion. Defendant indicates that plaintiff's counsel has refused to provide revised authorizations, and that plaintiff's position is that since discovery in this case closed on July 12, 2010, defendant has no right to acquire additional records or employment information.

Defendant indicates that "Due to circumstances beyond the control of defendant, she was unable to acquire the necessary employment and social security information prior to the July 12, 2010 close of discovery. It is necessary for defendant to obtain this information so that she may amend her Rule 26 Disclosures to reflect the most recent and accurate information." Defendant states that plaintiff will not be prejudiced by the execution of these authorizations, and that plaintiff will be provided any information received by defendant when defendant supplements her Rule 26 disclosures.

In her opposition, plaintiff notes that the Scheduling and Trial Order currently in place indicates:

> Discovery shall close as of July 12, 2010. **Close of discovery means that all discovery, including the taking of depositions, shall be completed not simply submitted on the date specified by this paragraph. Any last minute discovery submitted too late for the opposing side to timely discovery may be stricken. . . . Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.**

Doc. No. 23 (emphasis in original). Plaintiff indicates that both the motion and the discovery sought are outside the time limits specified in the Court's Order, Doc. No. 23. Plaintiff also notes that she submitted her original wage and personnel authorization on December 22, 2009, with no expiration date. Plaintiff indicates that she included the expiration date of Friday, July 9, 2010, on the second authorization, as her counsel was "of the opinion that requests sent to employers after July 9, 2010, were incredibly unlikely to result in discovery completed by July 12, 2010, as required by the Court's Order." See Doc. No. 44. Plaintiff also indicates she provided a compromise solution to defendant's counsel, which was rejected.[1] Plaintiff requests the Court deny the pending motion, or in

---

[1]Plaintiff indicates her compromise solution involved her expert, Dr. Swaim. Plaintiff states that Dr. Swaim inadvertently omitted his opinion regarding the reasonableness of plaintiff's medical bills, and that this omission was not caught by plaintiff's attorney until the deadline for expert disclosures had lapsed. Plaintiff's counsel offered to have his client voluntarily sign the requested authorizations if

2

the alternative, grant the motion but allow plaintiff's medical expert to modify his report (as discussed in n.1, above).

In her reply, defendant acknowledges the discovery deadline, but states that in order to adequately supplement her discovery responses under Rule 26(e), it is necessary for her to obtain plaintiff's most recent social security and employment information. Defendant notes that the Scheduling and Trial Order allows supplementation of discovery responses to be provided no later than ten days before the scheduled pre-trial conference (here, ten days prior to January 6, 2010). Defendant argues that the delay in obtaining the information sought in the authorizations was caused by the "difficulties experienced in the processing of these requests by the various governmental agencies." See Doc. No. 46. Defendant also indicates that an agreement where plaintiff is allowed to supplement its expert report is not fair and equitable, as it could cause defendant to need counter-expert testimony.

The Court finds that defendant's motion should be **DENIED.**[2] Discovery closed on July 12, 2010. Defendant should have been well aware of the deadline for close of discovery, given that the Court entered an Order reminding the parties of the July 12, 2010 discovery deadline on June 2, 2010 (Doc. No. 29). Both this motion and the discovery sought come far beyond the deadlines established by the Court's scheduling and trial order, and the defendant has failed to show good cause for any extension of those deadlines. Defendant obviously was aware prior to the date of close of discovery that she had not obtained the information sought through these requested authorizations; she should have moved for an extension of the discovery deadline in early July. In addition, the Court finds

---

defendant would either stipulate to the fair and reasonable amount of plaintiff's medical bills or would agree to allow an amendment of Dr. Swaim's report.

[2]The Court will **DENY** plaintiff's alternate request (within Doc. No. 44) to allow amendment of Dr. Swaim's report.

defendant's characterization of the information sought as information to use in her supplement to discovery responses, pursuant to Rule 26(e), to be unavailing. Therefore, for all the foregoing reasons, defendant's motion (Doc. No. 43) will be **DENIED.**

    **IT IS SO ORDERED.**

                                                                          /s/Fernando J. Gaitan, Jr.
                                                                         Fernando J. Gaitan, Jr.
                                                                         Chief United States District Judge

Dated:    10/04/10
Kansas City, Missouri