**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEBRA S. WALL | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0674-CV-W-FJG |
| | ) | |
| JENNIFER L. BASCOMBE, | ) | |
|     Defendant. | ) | |

**ORDER**

Pending before the Court are (1) Defendant's Motion for Leave to Designate David J. Clymer, M.D. as a witness pursuant to Paragraph 7(e)(1) of the Amended Scheduling and Trial Order (Doc. No. 56); and (2) Plaintiffs' Motion for Leave to File a Sur-reply (Doc. No. 66). As an initial matter, the motion for leave to file a sur-reply (Doc. No. 66) will be **DENIED**, as the Court has sufficient information before it to make a ruling on the motion regarding Dr. Clymer.

**I.  Background**

Plaintiff alleges that in the early morning hours of April 1, 2009, defendant negligently operated her vehicle and collided with plaintiff's car at the intersection of Bannister Road and Wornall Road in Kansas City, Missouri. Plaintiff further alleges that the collision caused plaintiff's car to roll over, and that she suffered injuries from this collision. Plaintiff seeks damages for defendant's negligence.

**II.  Analysis**

On September 22, 2010, defendant filed the pending motion to designate plaintiff's treating physician, David J. Clymer, M.D., as a fact witness pursuant to Paragraph 7(e)(1) of the amended scheduling and trial order. The deposition of Dr. Clymer was not taken until Monday, June 28, 2010. According to the scheduling and trial order, asserting party expert affidavits and designations of treating physician fact witnesses were due on May 10, 2010, defending party designations were due on June 11, 2010, and rebuttal designations

due on June 28, 2010. Defense counsel indicate in their motion that they did not realize that Dr. Clymer's testimony would be favorable to their theory of the case until they conducted the deposition. By that date, the scheduling order deadline for designating treating physician fact witnesses had already passed. Defendant's counsel admit that they inadvertently overlooked the June 21, 2010, deadline for disclosing treating physician fact witnesses because they did not anticipate designating an expert witness or utilizing Dr. Clymer as a fact witness in their case. Defense counsel suggest that it "was not until plaintiff's counsel brought this specific paragraph 7(e)(1) to defense counsel's attention that this June 11, 2010 deadline became apparent to defendant." Doc. No. 56, p. 2.

Plaintiff opposes allowing defendant to designate Dr. Clymer as a treating physician fact witness out-of-time, because the request was made more than three months after the deadline established by the Scheduling and Trial Order. Plaintiff suggests that "when May 10, the deadline for Plaintiff's expert designations, came and went without Plaintiff designating Dr. Clymer, Defendant knew absolutely Plaintiff would not be designating Dr. Clymer." See Doc. No. 58, p.2. Plaintiff indicates that allowing defendant to designate Dr. Clymer at this point will prejudice plaintiff as the deadline for designation of rebuttal experts has passed, and if Clymer had been designated, plaintiff would have counter-designated other treating physicians and physical therapists.

As noted by defendant in her reply suggestions (Doc. No. 65), the Eighth Circuit has used two similar tests to determine whether to exclude a witness's testimony at trial if the witness was not made known in compliance with a pretrial order. In Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986), the Eighth Circuit found the relevant factors to be: "the reason for failing to name the witness, the importance of the witness's testimony, the opposing party's need for time to prepare for the testimony, and whether a continuance would be beneficial." Defendant indicates the reason for failing to timely disclose was inadvertence as she did not plan to designate an expert witness or utilize Dr.

2

Clymer as a fact witness in her case.  She further indicates that the testimony is very important to her case and that the opposing party has no need for time to prepare for the testimony as she already has conducted the deposition of this witness (her own treating physician).

The other relevant Eighth Circuit opinion is in Morfeld v. Kehm, 803 F.2d 1452, 1455 (8th Cir. 1986), which focused on: (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified"; (2) "the ability of that party to cure the prejudice"; (3) "the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court"; and (4) "bad faith or willfulness in failing to comply with the Court's order."  Defendant states there is no prejudice or surprise if Clymer is allowed to testify, and waiver of the Court's deadline will not disrupt the efficient trial of the case as the doctor's deposition has already been conducted.  Defendant further indicates that there is no bad faith or willfulness in failing to comply with the Court's order.

Fed. R. Civ. P. 6(b)(1)(B) requires a finding of good cause and excusable neglect when an extension request is made after a deadline has expired.  In this instance, the Court finds that defendant has demonstrated good cause and excusable neglect.  In particular, the Court finds that plaintiff's counsel's participation in scheduling and taking the deposition of Dr. Clymer, at a point in time at which neither side could have used the deposition at trial if the Court's Scheduling and Trial Order deadlines were strictly construed, could have lulled defense counsel into believing that no pertinent deadlines applied to Dr. Clymer.  Further, the Court finds that defendant did not know that Dr. Clymer had information helpful to her case until after the deposition was taken, which was after the deadline for disclosing treating physician fact witnesses.  The Court additionally finds that defendant has demonstrated that this testimony should not be excluded under the Patterson or Morfield factors, cited above.

Accordingly, defendant's motion for leave to designate David J. Clymer, M.D. as a fact witness pursuant to Paragraph 7(e)(1) of the Court's Amended Scheduling and Trial Order (Doc. N o. 56) will be **GRANTED**.  Leave is granted as to <u>fact witness</u> testimony only; Dr. Clymer will not be allowed to testify as an <u>expert witness</u> on either party's behalf.

**IT IS SO ORDERED.**

<u>/s/Fernando J. Gaitan, Jr.</u>
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  <u>11/04/10</u>
Kansas City, Missouri