**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEBRA S. WALL | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0674-CV-W-FJG |
| | ) | |
| JENNIFER L. BASCOMBE, | ) | |
|     Defendant. | ) | |

# ORDER

Pending before the Court are (1) Plaintiff's Motion in Limine (Doc. No. 81), and (2) Defendant's Motion in Limine (Doc. No. 82). Both will be considered, below.

**I.  Background**

Plaintiff alleges that in the early morning hours of April 1, 2009, defendant negligently operated her vehicle and collided with plaintiff's car at the intersection of Bannister Road and Wornall Road in Kansas City, Missouri. Plaintiff further alleges that the collision caused plaintiff's car to roll over, and that she suffered injuries from this collision. Plaintiff seeks damages, including punitive damages, for defendant's negligence. Plaintiff alleges entitlement to punitive damages due to defendant's consumption of alcohol prior to the collision, demonstrating complete indifference to or conscious disregard for the safety of plaintiff and other persons.

**II.  Plaintiff's Motion in Limine (Doc. No. 81)**

Plaintiff requests the following evidence/argument be excluded from trial:

    **A.  EVIDENCE OF HEALTH INSURANCE OR OTHER COLLATERAL SOURCES**

Plaintiff requests exclusion from trial any evidence or argument concerning health insurance payments or other collateral source payments. See Kickham v. Carter, 335 S.W.2d 83, 90 (Mo. 1960); RSMo § 490.715.

Defendant does not oppose this motion in limine to the extent that defense counsel will not question, comment, argue or present testimony that certain bills incurred by the plaintiff have been paid by sources that fall under the collateral source rule. Defendant,

however, indicates she is entitled to present testimony and argument disputing the reasonableness or the necessity of plaintiff's medical bills, and whether defendant caused the damages related to those bills.

**Ruling: <u>Sustained.</u>**

### B. RETENTION OF COUNSEL

Plaintiff requests that any evidence or argument by counsel for Defendant regarding the date or circumstance under which Plaintiff retained counsel be excluded from evidence in this matter. Plaintiff indicates that such evidence is irrelevant, lacks probative value and risks unfair prejudice.

Defendant presents no opposition.

**Ruling: <u>Sustained.</u>**

### C. EVIDENCE REGARDING PLAINTIFF SMOKING

Plaintiff indicates that defense counsel elicited testimony from plaintiff's treating physician, Dr. Clymer, regarding the general effect of smoking on a person's health. Plaintiff indicates Dr. Clymer was never asked any questions regarding the effect of smoking on Debra Wall. Plaintiff indicates defendant should not be allowed to put on evidence or argument that plaintiff's medical conditions would not be present or would not be as severe absent her smoking. Plaintiff indicates this would be an area for expert witness testimony, not lay witness testimony, and Dr. Clymer was not designated as an expert. Plaintiff states that there is no evidence in this case that plaintiff's conditions could have been avoided or diminished if Plaintiff had not been a smoker.

Defendant responds that David J. Clymer, M.D., is plaintiff's treating physician orthopedic surgeon who performed a lumbar laminectomy and discectomy on her. During his deposition, Dr. Clymer was questioned by defense counsel about the effects of smoking and why orthopedic doctors such as himself recommend against smoking. Defendant further asserts that this is not really lay witness testimony as asserted by plaintiff, but this is testimony from plaintiff's treating orthopedic surgeon, and as such Dr. Clymer was not only responsible for her surgical procedure, but also responsible for her pre-operative and post-operative care. Defendant asserts that evidence and argument as to the effect of smoking on plaintiff's medical problems and healing process is within the scope of Dr. Clymer's testimony as plaintiff's treating physician.

**Ruling: <u>Sustained.</u>**

### D. SECONDARY GAIN

Plaintiff requests that any testimony regarding "secondary gain" be excluded from evidence at trial. During deposition, counsel for defendant questioned Dr. Clymer on the concept of "secondary gain." Plaintiff indicates this line of questioning be excluded as improper commentary on the credibility of plaintiff. Plaintiff states that this line of questioning of Dr. Clymer is inadmissable commentary on plaintiff's veracity, and that there is no evidence that plaintiff is, in fact, exaggerating her complaints based on secondary motivation.

Defendant opposes, indicating the theory of "secondary gain" is relevant as to how much, if any, damages plaintiff should be awarded. Defense counsel indicates that questioning regarding secondary gain was conducted in order to refute Dr. Clymer's prior testimony relating to malingering.

**Ruling: <u>Sustained.</u>**

### E. TAX CONSEQUENCES OF JURY AWARD

Plaintiff requests that any evidence or argument concerning the tax consequences of any jury award be excluded from trial. Plaintiff argues this evidence is irrelevant and lacks probative value.

Defendant presents no opposition.

**Ruling: <u>Sustained.</u>**

### F. ABANDONED PLEADINGS

Plaintiff requests that any dismissed or abandoned claims be excluded from evidence in this case, arguing that defendant should not be permitted to refer to the absence of allegations which are now included in the amended petition.

Defendant presents no opposition.

**Ruling: <u>Sustained.</u>**

### G. TESTIMONY REGARDING STUDIES OF OTHER FEMALES

Plaintiff requests evidence regarding studies discussing the number of persons exhibiting degenerative disk disease be excluded from trial. Plaintiff suspects counsel for defendant may attempt to ask Dr. Swaim whether he was familiar with studies finding that one in four females between the ages of thirty and forty would show indication of degenerative disk disease. Plaintiff indicates this is improper impeachment, and instead is

"nothing more than an attempt by counsel to testify that a certain percentage of the population may exhibit degenerative changes in the spine and cartilage disks in the spine." Plaintiff states defendant has not established foundation for this evidence and has not retained an expert to testify on this topic.

Defendant responds that she may defend this case by presenting testimony through plaintiff's expert Truett Swaim, M.D. that degenerative disc disease is a potential cause of the plaintiff's physical problems, arguing that it is proper impeachment for defendant to question this expert regarding studies concerning the prevalence of degenerative disc disease in females and other potential causes of plaintiff's injuries.

**Ruling: Overruled.**

### H. DEFENDANT SHOULD BE PRECLUDED FROM ARGUING NEGATIVE INFERENCE FROM PLAINTIFF CHOOSING NOT TO CALL TREATERS AS WITNESSES

Plaintiff indicates that it can be prejudicial error for a party to argue a negative inference resulting from the opposing party's failure to produce a witness if the witness is equally available to both parties. Leehy v. Supreme Express & Transfer Company, 646 S.W.2d 786, 790 (Mo. banc 1983); Kelly v. Jackson, 798 S.W.2d 699, 701 (Mo. banc 1990). Plaintiff argues that defendant had access to plaintiff's medical records from the inception of this case, and defendant chose not to depose plaintiff's healthcare providers. Plaintiff argues defendant should not be allowed to argue a negative inference from plaintiff's decision not to call her healthcare providers at trial.

Defendant responds that the case law cited by plaintiff presupposes equal availability of witnesses, and here the healthcare providers were not equally available to both sides, under HIPAA.

**Ruling: Sustained.**

### I. EVIDENCE OF PREVIOUS CLAIMS OR LITIGATION

Plaintiff indicates "it is improper to admit evidence of a party's participation in prior lawsuits absent evidence that the specific facts of the prior litigation are relevant or that a pattern of fraudulent suits is present." Overfield v. Sharp, 668 S.W.2d 220, 223 (Mo.App. W.D. 1984) (citing Cantrell v. Superior Loan Corp., 603 S.W.2d 627, 640 (Mo.App. E.D. 1980). Plaintiff states defendant has developed no evidence that prior claims could be admitted at trial for a proper purpose.

Defendant presents no opposition.

**Ruling: Sustained.**

### J. PLAINTIFF'S DRIVING RECORD/EVIDENCE OF PREVIOUS ACCIDENTS

Plaintiff argues that defendant should be precluded from introducing evidence of other wrecks in which Plaintiff has been involved, as that evidence is irrelevant. Further, plaintiff argues that defendant should not be allowed to introduce plaintiff's driving record into evidence, arguing that evidence of this prior incident is irrelevant as to what happened in the present case.

Defendant presents no opposition.

**Ruling: Sustained.**

### K. DISCOVERY DISPUTES

Plaintiff requests that any evidence or argument related to discovery disputes be excluded from trial.

Defendant presents no opposition.

**Ruling: Sustained.**

### L. UNRELATED INJURIES AND/OR MEDICAL CONDITIONS

Plaintiff argues that defendant should not be allowed to present evidence as to injuries or medical conditions unrelated to the present action. Plaintiff also indicates that defendant has identified as a witness a supervisor from a job Plaintiff held years before her current employment, and anticipates defendant will use this witness to "somehow besmirch Plaintiff's reputation generally and to introduce evidence of a work related injury to plaintiff's ribs." Plaintiff states defendant should not be allowed to attempt to introduce evidence of unrelated injuries for which Defendant has no causal connection to the injuries complained of in this lawsuit to suggest to the jury that Plaintiff's current injuries were caused by something other than the wreck.

Defendant opposes plaintiff's motion in limine to the extent that defendant would be barred from presenting testimony of a pre-existing condition. Defendant states that a tortfeasor may be liable for the aggravation of a pre-existing condition if it was caused by defendant's negligence, but is not liable for the pre-existing condition itself. See Rech v. AAA Plumbing, Co., 798 S.W.2d 194 (Mo. App. E.D. 1990). Defendant indicates it is disputed in this matter whether plaintiff's injuries and damages were caused by a pre-existing condition or by defendant's alleged negligence and/or the aggravation of a pre-existing condition.

**Ruling: Provisionally sustained. The Court notes that the outcome of this motion depends on how the issue is framed at trial. The parties shall present any argument on this issue at a bench conference prior to offering any evidence on pre-existing**

5

**injuries or medical conditions in the hearing of the jury.**

      M.      **EVIDENCE OF DEFENDANT'S GOOD DRIVING RECORD**

Plaintiff asserts that defendant should be precluded from presenting the jury with evidence of her good driving record, as allowing this evidence would suggest to the jury that defendant was not negligence in the present case. See Williams v. Bailey, 759 S.W.2d 394, 396 (Mo.App. W.D. 1988) (finding such evidence irrelevant, and not tending to establish that a party was not negligent at the time of the accident).

Defendant presents no opposition.

**Ruling: Sustained.**

      N.      **EVIDENCE OF POLICE OFFICERS NOT TAKING ACTION AFTER FIELD SOBRIETY TEST**

Plaintiff argues that defendant should not be allowed to introduce any evidence regarding whether or not Defendant was charged with a DWI or was administered a Blood Alcohol Test. Plaintiff notes that defense counsel has referred (in motion practice) to the fact that police did not charge defendant with driving while intoxicated. Plaintiff asserts that what the police officers chose to do is not relevant in this case, as whether defendant was intoxicated is a conclusion to which the officers cannot testify. Hacker v. Quinn Concrete Co., Inc., 857 S.W.2d 402, 407 (Mo.App. W.D. 1993). "Missouri courts have consistently held [testimony as to contributing cause of an accident or whether a citation was issued] to be no aid to the jury in understanding the evidence or determining the facts in issue." Id. "The officer's decision of whether a citation should be issued would depend on his opinion of the driver's conduct. The Missouri Supreme Court has held that the officer's opinion concerning a driver's conduct is a false issue and making that determination is for the jury." Id.

Defendant opposes, noting that this lawsuit involves a claim for punitive damages based on allegations that defendant was impaired or intoxicated when the subject accident occurred. As a result of this claim, at trial, defendant anticipates that plaintiff will call the police officers who investigated the accident scene as witnesses to prove that defendant was impaired by the consumption of alcohol. If plaintiff actually calls a police officer in an attempt to establish through that police officer that there was evidence of impairment or intoxication, defendant believes that the fact that no DWI citation was issued by that police officer would be proper cross examination and impeachment (as, if the officer(s) believed there was evidence of impairment, it would be reasonable to expect that a DWI citation would be given).

If plaintiff does not call these police officers or offer other evidence to suggest defendant's impairment or intoxication, then defendant agrees that evidence of the officers taking no further action may not be of aid to the jury in understanding the evidence or

determining the facts at issue.

**Ruling: <u>The Court agrees with defendant's proposed handling of this situation. The motion is provisionally sustained if plaintiff does not call these police officers or offer other evidence to suggest defendant's impairment or intoxication. However, if plaintiff does call the police officers or offers other evidence of impairment or intoxication, defendant will be allowed to present evidence to the contrary.</u>**

**III.     Defendant's Motions in Limine (Doc. No. 82)**

Defendant seeks an order precluding plaintiff, counsel for plaintiff, and all of plaintiff's witnesses from mentioning the following matters before the jury:

>   **A.     EVIDENCE, TESTIMONY OR COMMENTS REGARDING ANY CLAIMS OF PLAINTIFF FOR LIABILITY OR DAMAGES, OR WITNESSES THAT HAVE NOT BEEN PROPERLY SET FORTH IN THE PROCESS OF DISCOVERY.**

Pursuant to Fed. R. Civ. P. 26(e), defendant argues plaintiff should be excluded from providing new information, witnesses, or claims of injury or damages that have not already been set forth in plaintiff's Rule 26(a) initial disclosures or that pursuant to this Court's Scheduling and Trial Order have not been set forth in plaintiff's pretrial witness list.

Plaintiff provides no opposition.

**Ruling: <u>Sustained.</u>**

>   **B.     EVIDENCE, TESTIMONY OR COMMENTS REGARDING ANY STATEMENTS ATTRIBUTED TO DEFENDANT NOT PROPERLY IDENTIFIED IN THE PROCESS OF DISCOVERY.**

Defendant indicates that plaintiff should be precluded from referring to any statements attributed to defendant that are not properly identified by plaintiff in response to defendant's Interrogatories, or through depositions.

Plaintiff provides no opposition.

**Ruling: <u>Sustained.</u>**

>   **C.     EVIDENCE, TESTIMONY OR COMMENTS REGARDING SETTLEMENT NEGOTIATIONS BETWEEN THE PARTIES AS A RESULT OF THE CLAIMS IN QUESTION.**

Defendant notes that Missouri case law as well as Fed. R. Evid**.** 408 provide "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering

or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."

Plaintiff provides no opposition.

**Ruling: Sustained.**

      **D.    EVIDENCE, TESTIMONY OR COMMENTS REGARDING HOW ANY POTENTIAL DAMAGES TO THE PLAINTIFF WILL BE DISPERSED.**

Defendant states plaintiff should be precluded from making any statements regarding the extent to which any actual or exemplary damages would be dispersed to any of the following: (1) plaintiff's counsel; (2) litigation expenses; (3) any broad discussion as to high cost of litigation; or (4) any possible statement to the jury that 50% of any punitive damages may go to the Missouri Tort Victim's Compensation Fund. Defendant indicates such evidence/comments would be highly prejudicial and would lack probative value.

Plaintiff provides no opposition.

**Ruling: Sustained.**

      **E.    EVIDENCE, TESTIMONY OR COMMENTS REGARDING EVIDENCE OF POVERTY OR WEALTH.**

Defendant indicates it is improper to interject issues of poverty or wealth (of either plaintiff or defendant), as such evidence is immaterial. Pyles v. St. Louis Public Service Company, 372 S.W.2d 114, 116 (Mo. 1963); Rogers v. City of St. Louis, 688 S.W.2d 42 (Mo. App. 1985).

Plaintiff provides no opposition.

**Ruling: Sustained.**

      **F.    EVIDENCE, TESTIMONY OR COMMENTS MAKING REFERENCE TO THE AMOUNT OF MONEY DEFENDANT HAS SPENT TO DEFEND THE CASE.**

Defendant indicates that reference to litigation resources is just another variation of the poor man / big corporation theme that has long been held improper and should be prohibited. Higgins v. Terminal R.R. Ass'n. of St. Louis, 241 S.W.2d 380, 386 (Mo. 1951).

Plaintiff provides no opposition.

**Ruling: Sustained.**

**G.    EVIDENCE, TESTIMONY OR COMMENTS SUGGESTING THAT MEMBERS OF THE JURY PLACE THEMSELVES IN THE SHOES OF THE PLAINTIFF.**

Defendant indicates this is a form of improper personalization that is an improper appeal to passion and sympathies. Warren Davis Properties V, L.L.C. v. United Fire & Casualty Co., 111 S.W.3d 515, 527- 528 (Mo. App. S.D. 2003).

Plaintiff provides no opposition.

**Ruling: <u>Sustained.</u>**

**H.    EVIDENCE, TESTIMONY OR COMMENTS MAKING REFERENCE TO THE FAILURE TO CALL ANY WITNESS THAT IS EQUALLY AVAILABLE TO ALL PARTIES OR ANY WITNESS THAT IS NOT AVAILABLE TO OR UNDER THE CONTROL OF DEFENDANT OR TENDERING, REFERRING TO, READING FROM, OFFERING OR EXHIBITING ANY *EX PARTE* STATEMENTS OR REPORTS FROM ANY WITNESS WHO IS NOT THEN AND THERE PRESENT IN COURT TO TESTIFY AND SUBJECT TO EXAMINATION BY DEFENDANT'S COUNSEL.**

Defense counsel indicates plaintiff should be prohibited from making any reference in closing argument to defendant's failure to produce a witness equally available to both parties. Campise v. Borcherding, 224 S.W.3d 91, 94 (Mo. App. E.D. 2007). Likewise, defendant asserts plaintiff's counsel should be prohibited from referring to, reading from, offering or exhibiting any *ex parte* statements or reports from any witness who is not present in Court to testify and who would not be subject to examination by defendant's counsel.

Plaintiff objects insofar as this motion seeks to prevent the tendering, referring to, reading from, offering or exhibiting any *ex parte* statements or reports from any witness who is not then and there present in the court to testify and subject to examination by defendant's counsel. Plaintiff "is not sure what Defendant is trying to exclude, but to the extent she is seeking to exclude business records, medical records, or billing records for which a foundation can be laid, Plaintiff believes such a prohibition would be contrary to the rules of evidence."

**Ruling: <u>Sustained as to records or exhibits not disclosed during discovery.</u>**

**I.    EVIDENCE, TESTIMONY OR COMMENTS REGARDING "DRUNK DRIVING" ON THE PART OF DEFENDANT BASCOMBE.**

Defendant states that one of plaintiff's strategies in this case will be to label defendant Jennifer Bascombe as an intoxicated driver, even though "over-whelming evidence indicates that Jennifer Bascombe was not intoxicated and was able to safely

operate a motor vehicle." Defendant seeks to have all references to Jennifer Bascombe being drunk, intoxicated or impaired excluded from evidence, as defendant was given a field sobriety test at the scene and passed. Defendant states that plaintiff has presented no evidence to refute the officer's observations, and no evidence that defendant's blood alcohol was at a level that she could not legally operate a motor vehicle. Defendant argues it is not permissible to urge or argue prejudicial matters such as this.

Plaintiff opposes, noting that the Court has already (1) granted plaintiff's motion for leave to amend her petition to add intoxication as an independent negligent act and to add a count for punitive damages, (2) denied defendant's motion for partial summary judgment as to punitive damages. Plaintiff further notes that even if intoxication as an independent negligent act had not been pled, Defendant's alcohol consumption goes directly to her ability to perceive, which is central to her credibility as a witness. <u>Langud v. Kansas City Board of Police Commissioners</u>, 136 S.W.3d 786, 793 (Mo. banc 2004).

In reply, defendant argues again that the overwhelming evidence is that defendant was not driving while intoxicated.

**Ruling: <u>Overruled.</u>**

### J. EVIDENCE, TESTIMONY OR COMMENTS REGARDING THE DEFENDANT'S PRIOR ALCOHOL OR MISDEMEANOR OFFENSES.

Defendant indicates it is irrelevant and immaterial that the defendant had a prior alcohol offense or that she entered an alcohol diversion program after an alcohol related arrest. Defendant indicates that administrative suspensions and prior traffic misdemeanor offenses are not admissible. Defendant asserts that testimony or commentary on these prior offenses would be highly prejudicial to defendant.

Plaintiff opposes, indicating that defendant's prior alcohol charge and the fact that she entered a diversion program are both relevant to the issue of punitive damages. In order to find defendant liable for punitive damages, a jury will have to find that defendant (1) was driving while impaired, (2) knew or should have known that driving while impaired created a high probability of injury to others, and (3) showed complete indifference to or conscious disregard for the safety of others. <u>Alack v. Vic Tanny Intern. of Missouri, Inc.</u>, 923 S.W.2d 330, 338-39 (Mo. 1996). Plaintiff states that the prior charge and diversion program are relevant to the second and third elements. Plaintiff indicates that this evidence can be admitted pursuant to FRE 404(b), which allows evidence of other crimes for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Plaintiff indicates any prejudice can be cured with a limiting instruction.

Defendant replies that information regarding a prior alcohol offense or an alcohol diversion program is not relevant to the issues in this case (FRE 401), as the fact defendant had a prior alcohol offense does not make the accident more or less likely to have

10

occurred. Further, defendant states that even if the evidence was relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and potential to mislead the jury (FRE 403).

**Ruling: <u>Sustained, unless the diversion was recent in time (within the last six months or a year). (The record currently before the Court does not reflect the date of defendant's prior alcohol offense or the diversion program.) The parties shall argue this issue in a bench conference before the Court prior to the presentation of any such evidence to the jury.</u>**

    **K.    EVIDENCE, TESTIMONY OR COMMENTS REGARDING THE FACT THAT PLAINTIFF MET A MAN AT A BAR, FOLLOWED HIM TO HIS HOME AND DOES NOT NOW REMEMBER HIS NAME.**

Defendant indicates plaintiff should be precluded from making any statements regarding the fact that plaintiff met a man at a bar, followed him to his home and now does not remember his name, where he lives or what kind of car he was driving. Defendant states this information is irrelevant to plaintiff's claims (Rule 401), and that the only purpose of such evidence/argument would be to embarrass, humiliate, and harass the defendant. Even if, *arguendo*, defendant did state to the officers that "she was leaving a friend's house where she had several drinks earlier in the evening," the officers had this information to consider when they made the determination that defendant was not impaired. Defendant states this information should also excluded pursuant to FRE 403, as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Defendant indicates the probative value of the above referenced evidence is minimal at best, but the prejudice and embarrassment to defendant is great.

Plaintiff objects, indicating that issues central to this litigation are Defendant's intoxication and Defendant's ability to perceive and remember. Plaintiff indicates this is relevant because Defendant claims that she remembers with clarity that she had the green light at the time of the wreck. Plaintiff indicates the fact that Defendant met a man at a bar, followed him to his home, and does not remember his name, what he looked like beyond the fact that he was taller than her and had dark hair, what he drove, or where he lived, is relevant to whether she was intoxicated and to whether she could accurately recalling having a green light at the time of the wreck.

Defendant replies that plaintiff's goal is to humiliate, embarrass and impugn defendant's character with evidence that defendant Bascombe accompanied an unknown male that she met at a bar to his residence in the early hours of the morning, which evidence has no probative value and extreme prejudicial effect. Defendant notes that the investigating police officers at the scene videotaped defendant's actions and engaged in conversation with her, and that videotape will be played to the jury and is the best evidence of defendant's ability to perceive the events that occurred.

**Ruling: Sustained.**

L. **EVIDENCE, TESTIMONY OR COMMENTS AS TO WHETHER THE MEDICAL CHARGES WERE REASONABLE.**

Defendant notes that plaintiff did not timely designate an expert to testify as to whether plaintiff's medical charges are reasonable. Instead, in plaintiff's proposed witness list she sets forth the names of the corporate representatives of various medical providers who she indicates will testify as to the reasonableness of plaintiff's medical charges.

Plaintiff objects, indicating she has obtained and provided to Defendant as part of the Rule 26 disclosures copies of Plaintiff's medical bills and affidavits from the health care providers regarding the amount of charges and reasonableness of the charges. Plaintiff notes, however, that the unredacted affidavits would violate the collateral source rule. Plaintiff states she intended to solve this problem by bringing corporate representatives who could testify re reasonableness of medical services and billing, or she would be willing to submit redacted copies of the medical records affidavits. Plaintiff states she will be prejudiced if she is not allowed to introduce the full amount charged, and grant of this motion would lead to defendant improperly obtaining the benefit of plaintiff's health insurance coverage.

Defendant replies that plaintiff is unable to refute the crucial fact that she has not identified an expert witness who is able render an opinion as to whether the medical charges in this case were reasonable. Defendant indicates that without expert testimony as to the reasonableness of the medical charges, plaintiff is unable to lay a proper foundation to present evidence of these medical charges to the jury.

**Ruling: Overruled.**

M. **EVIDENCE, TESTIMONY OR COMMENTS REGARDING DEFENDANT'S FAILURE TO UNDERTAKE AN INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF.**

Defendant asserts it is neither relevant nor material as to whether defendant required plaintiff to undertake an independent medical examination. Therefore, defendant argues that plaintiff, her counsel, and all witnesses should be precluded from informing the jury that defendant failed to undertake an independent medical examination of plaintiff.

Plaintiff opposes, indicating that in Hemann v. Camolaur, Inc., 127 S.W.3d 706, 709 – 712 (Mo.App. W.D. 2004), it was found permissible for counsel to argue the following in closing: "I would suggest to you that the defendant's inability to get a doctor to come here and endorse their views about the medical evidence speaks volumes about the weakness of their case." Id. It is also acceptable practice to point out what the uncontroverted evidence is. Id. at 711.

Defendant replies that Hemann is not applicable here, as the defendant presented no medical evidence to support its contention that the plaintiff's back injury was attributable to a pre-existing condition, and plaintiff was able to argue her evidence was uncontroverted. Here, defendant states plaintiff will be unable to make a similar argument because plaintiff's own treating physician, David J. Clymer, M.D., will present testimony that contradicts that of plaintiff's expert medical witness, Truett Swaim, M.D. Defendant further cites Hoffman v. Illinois Terminal Railroad Company, 274 S.W.2d 591, 595 (Mo.App. 1955), for the proposition that "[a] defendant is entitled to decide for itself whether such an examination is necessary or expedient in order to protect its interest in preparation for trial, and if a defendant determines not to request an examination, it should not be subject to any unfavorable inferences arising out of its failure to do so."

**Ruling: Sustained.**

### N. EVIDENCE, TESTIONY OR COMMENTS REGARDING LIABILITY INSURANCE.

Defendant asserts it is neither relevant nor material whether or not defendant had liability insurance in effect at the time of the accident. Therefore, defendant indicates that plaintiff, her counsel, and all witnesses should be precluded from informing the jury that defendant had liability insurance at the time of the accident. In addition, defendant objects to plaintiff's voir dire question number 9 set forth in Plaintiff's Amended Voir Dire Questions (Doc. No. 76), which inquires as to whether any potential juror is insured by, employed by, or otherwise associated with Allstate Insurance Company (defendant's insurance carrier). Defendant asserts there is no legitimate purpose in asking the so-called "insurance question" during voir dire, other than to interject insurance into the case. Defendant suggests such an "insurance question" is prejudicial and whether or not defendant has insurance is neither relevant nor material to the issues in the case.

Plaintiff objects only so far as defendant seeks to prohibit plaintiff from asking the "insurance question" during voir dire.

**Ruling: Sustained. Plaintiff will be prohibited from asking the insurance question in voir dire.**

### O. EVIDENCE, TESTIMONY OR COMMENTS REGARDING WHAT INFORMATION DOCTORS TOLD PLAINTIFF.

Defendant indicates that statements made to plaintiff by her physicians are hearsay and must be excluded from evidence. Furthermore, statements attributed to medical care providers of the plaintiff, the defendant or other witnesses should be inadmissible, unless through a proper business records exception.

Plaintiff objects, noting that defendant does not provide an example of what testimony might be offered. Plaintiff believes statements of doctors may be discussed so

13

long as they are not being offered to prove the truth of the matter asserted. Plaintiff indicates she can imagine a situation in which she might discuss what a doctor told her to explain her subsequent actions. Any such testimony would not be hearsay. See State v. Simmons, 955 S.W.2d 729, 737 (Mo. banc 1997).

Defendant replies that plaintiff has simply provided exceptions to the hearsay rule rather than grounds for denying the motion. Defendant states that plaintiff's response demonstrates that this is exactly the sort of evidence that must be discussed with the Court before being presented to the jury.

**Ruling: Provisionally sustained. Plaintiff shall request a bench conference with the Court prior to offering any such evidence before the jury.**

    **P.    EVIDENCE, TESTIMONY OR COMMENTS REGARDING THE EXISTENCE OF ANY AND ALL LIENS.**

Defendant notes that there may be hospital liens and/or ERISA liens in this matter. Payment for medical expenses by another source, including other insurance benefits, is a collateral source and is inadmissible. The fact that such payments are subject to a lien also is not relevant or material to any issue in this case and such evidence should be excluded.

Plaintiff objects, noting she still owes medical providers for the treatment she received. Plaintiff indicates that she should be allowed to submit evidence she was billed a particular amount and that she still owes a particular amount to certain providers.

Defendant replies she is not arguing that plaintiff cannot introduce evidence as to the amount of medical bills paid and the amount of medical charges that the plaintiff currently owes. However, it would be prejudicial and an improper attempt to inject the issue of insurance for plaintiff to present testimony as to existing liens.

**Ruling: Sustained.**

    **IT IS SO ORDERED.**

    /s/Fernando J. Gaitan, Jr.
    Fernando J. Gaitan, Jr.
    Chief United States District Judge

Dated:   01/04/11
Kansas City, Missouri