**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| DEBRA S. WALL | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 09-0674-CV-W-FJG |
| | ) | |
| JENNIFER L. BASCOMBE, | ) | |
|         Defendant. | ) | |

**ORDER**

Pending before the Court are (1) Plaintiff's Motion for Leave to Amend her Objections to Defendant's Designation of Dr. Clymer's testimony (Doc. No. 86); (2) Plaintiff's Motion for Leave to Counterdesignate Portions of Dr. Clymer's Testimony and Suggestions in Support (Doc. No. 87); (3) Defendant's Motion and Notice for Order Permitting Use of Deposition of David J. Clymer, M.D. at Trial (Doc. No. 91); and (4) Plaintiff's Motion for Leave to Designate David J. Clymer, M.D., as a Fact Witness and Suggestions in Support (Doc. No. 95).

After reviewing the various motions and responses from the parties, it appears that the parties are now in agreement that Dr. Clymer is unavailable for trial and may testify via videotaped deposition. Accordingly, Defendant's Motion and Notice for Order Permitting Use of Deposition of David J. Clymer, M.D. at Trial (Doc. No. 91) is **GRANTED**. Further, defendant represents in Doc. No. 96 that she is withdrawing any objections to plaintiff's motion for leave to counterdesignate portions of Dr. Clymer's testimony, and therefore the Court will **GRANT** plaintiff's motion (Doc. No. 87). Furthermore, defendant represents that she does not oppose allowing plaintiff to designate Dr. Clymer as a fact witness and will allow Dr. Clymer's testimony to be presented in plaintiff's case-in-chief (see Doc. No. 96). Therefore, plaintiff's motion for leave to designate David J. Clymer, M.D. as a Fact Witness

(Doc. No. 95) will be **GRANTED.**[1]

Finally, defendant represents that she "still vehemently objects to Plaintiff's Motion for Leave to Amend her Objections to Defendant's Designation of Dr. Clymer's Testimony," indicating that plaintiff's strategy is to now use Dr. Clymer as her own witness while at the same time objecting to almost all of the portions of Dr. Clymer's testimony designated by defendant. Defendant states "[t]herefore any objections made by plaintiff to defendant's designations of Dr. Clymer's testimony should be denied." See Doc. No. 96. Frankly, the Court finds defendant's opposition to all of plaintiff's objections to the deposition testimony to be misplaced. Plaintiff timely filed objections to defendant's designations of Dr. Clymer's testimony, and the Court will rule on those objections in due course. The only additional objections plaintiff requests leave to make out-of-time are related to defendant not demonstrating Dr. Clymer is unavailable (an objection which is now moot), and an objection to five lines on page 59 of Dr. Clymer's deposition. The Court finds that defendant will not be prejudiced by the Court's consideration of the admissibility of the testimony on page 59 of the deposition. Therefore, plaintiff's motion for leave to amend her objections to defendant's designation of Dr. Clymer's testimony (Doc. No. 86) will be **GRANTED.**

**IT IS SO ORDERED.**

                                                      /s/Fernando J. Gaitan, Jr.
                                                      Fernando J. Gaitan, Jr.
                                                      Chief United States District Judge

Dated:   01/06/11
Kansas City, Missouri

---

[1] Defendant argues that plaintiff should not be allowed to use her designation of Dr. Clymer to argue that defendant did not hire an independent medical examiner. This issue, however, has already been decided in defendant's favor by the Court's ruling on defendant's motion in limine. See Doc. No. 97, pp. 12-13.