**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEBRA S. WALL | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0674-CV-W-FJG |
| | ) | |
| JENNIFER L. BASCOMBE, | ) | |
|     Defendant. | ) | |

**ORDER**

Before the Court are two issues raised by the parties in the pretrial teleconference held with the Court on Thursday, January 6, 2011: (1) admissibility of defendant's prior alcohol offense and her subsequent diversion; and (2) submissibility of both negligence and negligence *per se* to the jury. Both issues are considered below.

**I.    Background**

Plaintiff alleges that in the early morning hours of April 1, 2009, defendant negligently operated her vehicle and collided with plaintiff's car at the intersection of Bannister Road and Wornall Road in Kansas City, Missouri. Plaintiff further alleges that the collision caused plaintiff's car to roll over, and that she suffered injuries from this collision. Plaintiff seeks damages, including punitive damages, for defendant's negligence. Plaintiff alleges entitlement to punitive damages due to defendant's consumption of alcohol prior to the collision, demonstrating complete indifference to or conscious disregard for the safety of plaintiff and other persons.

**II.    Admissibility of defendant's prior alcohol offense.**

On January 4, 2011, the Court entered its order on motions in limine (Doc. No. 97), indicating, among other things, that defendant's prior alcohol offense and her subsequent diversion would be excluded from trial unless the diversion was recent in time (within the last six months or a year prior to the subject accident). At the pretrial conference, plaintiff indicated that defendant's diversion ended in October 2008, and the accident occurred on

April 1, 2009, making the end of the diversion within the time frame indicated by the Court's previous order. Defendant argued that the alcohol offense that she was ticketed for (and for which she received the diversion) occurred on May 16, 2007, which is outside the six months to a year time frame outlined in the previous order. After considering the matter, the Court finds that the prior alcohol offense and the subsequent diversion are recent enough in time to be admitted into evidence in this case.

Rule 404( b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence of prior acts is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential for unfair prejudice does not substantially outweigh its probative value." United States v. Ziesman, 409 F.3d 941, 952 (8th Cir.2005).

In United States v. New, 491 F.3d 369, 374-375 (8th Cir. 2007), the Eighth Circuit found that the district court did not abuse its discretion in allowing evidence of prior DUI convictions. The Eighth Circuit noted that while evidence of prior crimes is not admissible to prove bad character or propensity to commit bad acts, it may be admissible for other purposes, including proving requisite knowledge. Id. In New, the defendant was charged with involuntary manslaughter. The district court admitted evidence of two prior DUI convictions, which the government had offered as proof of one of the elements of the offense, that the defendant knew or reasonably could foresee that his conduct was a threat to the lives of others. 491 F.3d at 375. The Eighth Circuit indicated that it "agree[s] with the view of several courts, summarized by the Tenth Circuit, that '[a] jury could infer from Defendant's prior drunk driving convictions that he is especially aware of the problems and risks associated with drunk driving.' United States v. Tan, 254 F.3d 1204, 1210 (10th

Cir.2001); see United States v. Loera, 923 F.2d 725, 729 (9th Cir.1991); United States v. Fleming, 739 F.2d 945, 949 (4th Cir.1984) ('[T]he driving record was relevant to establish that defendant had grounds to be aware of the risk his drinking and driving while intoxicated presented to others.')." Id. In New, the Eighth Circuit found that defendant's prior "convictions tended to make it more probable that he had knowledge of the risks of driving while intoxicated." Id.

Similarly, here, defendant's prior charge and subsequent entry into a diversion program are relevant to punitive damages, as in order to find defendant liable for punitive damages, a jury will have to find that defendant (1) was driving while impaired, (2) knew or should have known that driving while impaired created a high probability of injury to others, and (3) showed complete indifference to or conscious disregard for the safety of others. Alack v. Vic Tanny Intern. of Missouri, Inc., 923 S.W.2d 330, 338-39 (Mo. 1996). The knowledge required to demonstrate the second and third elements of plaintiff's punitive damages submission is the same sort of knowledge necessary for the government to have proven against defendant New. Furthermore, the Court finds that the potential for unfair prejudice does not substantially outweigh the probative value of this evidence.

Accordingly, the Court's prior order on motions in limine (Doc. No. 97) is clarified. Plaintiff will be allowed to present evidence of defendant's prior alcohol charge and her entry into a diversion program.

### III.    Submission of both Negligence and Negligence *per se* to the Jury.

After reviewing the parties' objections to proposed jury instructions (Doc. No. 78 and 89), the Court finds that it is permissible, as plaintiff has argued, to submit both negligence and negligence *per se* to the jury.

> Missouri courts have allowed plaintiffs making submissible cases of both common law and *per se* negligence to offer separate jury instructions on each theory. See Dickerson v. St. Louis Pub. Serv. Co., 365 Mo. 738, 286 S.W.2d 820 (banc 1956); Sayers v. Haushalter, 493 S.W.2d 406 (Mo.App.1973). They have also permitted such plaintiffs to offer a single instruction disjunctively submitting both theories of negligence. Lenz v.

> Seibert, 259 S.W. 829 (Mo.App.1924). As King is entitled to only one recovery for his injuries, should he submit on both theories, caution should be exercised in instructing the jury so as to avoid a duplicative or overlapping damage verdict.
>
> If the disjunctive approach is used, care should be taken in drafting to ensure that "conduct" is referred to at the appropriate point in the *per se* negligence part of the instruction, and "negligence" is referred to at the appropriate point in the common law negligence portion of the instruction, as shown in the last paragraphs of, respectively, MAI 17.17 and 17.02 (4th ed.1991).

King v. Morgan, 873 S.W.2d 272, 278 n.5 (Mo. App. W.D. 1994). Accordingly, defendant's objections to submission on both negligence and negligence *per se* will be **OVERRULED.**[1]

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 01/10/11
Kansas City, Missouri

---

[1] The parties should note, however, that this does not mean that the Court will necessarily submit plaintiff's proposed instructions to the jury. The instructions may need to be modified to comply with the directives in King v. Morgan.

4