# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA S. WALL | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0674-CV-W-FJG |
| | ) | |
| JENNIFER L. BASCOMBE, | ) | |
|     Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion for Reconsideration (Doc. No. 104). Defendant seeks reconsideration of the Court's Order ruling objections to deposition designations (Doc. No. 102, entered on January 10, 2011). Defendant asserts that "[a]lthough much of the defendant's designated testimony was excluded on the basis of expert testimony and lack of foundation, plaintiff is now being allowed to present segments of testimony relating to the same topics of questioning as that testimony designated by defendant and excluded." However, instead of asking the Court to strike any of plaintiff's counter-designations, defendant asks the Court to permit her to present the testimony already stricken by the Court's Order (Doc. No. 102) under the "rule of completeness." Defendant also asserts that Dr. Clymer should be allowed to testify as to whether plaintiff should be able to perform household chores or whether she could return to work without restrictions (Deposition of Dr. Clymer, Doc. No. 104, Ex. 1, pp. 58:13-23; 59:1-6, 8-14).

Plaintiff opposes, noting that instead of requesting leave to object to the allegedly objectionable material presented by plaintiff, defendant is seeking leave to present inadmissible testimony over plaintiff's objection. With respect to performing of household chores or returning to work without restrictions, plaintiff indicates Dr. Clymer's testimony was properly stricken as expert testimony (as the opinions were not reached in furtherance

of plaintiff's treatment, and the only case cited by defendant indicating such testimony would be admissible is a Social Security appeal, which has nothing to do with admissibility of expert testimony in a civil jury trial).

The Court concurs with plaintiff. The Court will not allow otherwise inadmissable testimony under the rule of completeness. Further, testimony of the treating physician as to opinions that were not formed in furtherance of a patient's treatment remains inadmissible. Defendant's motion for reconsideration (Doc. No. 104) is **DENIED.**

**IT IS SO ORDERED.**

                                             /s/Fernando J. Gaitan, Jr.
                                             Fernando J. Gaitan, Jr.
                                             Chief United States District Judge

Dated:    January 28, 2011
Kansas City, Missouri